```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
    INFINITY STAFFING SOLUTIONS,      1:17-cv-10650-NLH-JS
    LLC, doing business as
    LYNEER STAFFING SOLUTIONS,               OPINION

              Plaintiff,

         v.

    PARAMOUNT CONVERSIONS, LLC
    and RICHARD A. GREENLEE,

              Defendants.
```

**APPEARANCES:**

ROBERT L. SALDUTTI
REBECCA K. MCDOWELL
SALDUTTI LLC
800 N. KINGS HIGHWAY
SUITE 300
CHERRY HILL, NJ 08034
     On behalf of Plaintiff

TERENCE J. SWEENEY
44 FAIRMOUNT AVENUE
1ST FLOOR
CHATHAM, NJ 07928

DANIEL JOSEPH DEFIGLIO
KERRI E. CHEWNING
ARCHER & GREINER PC
ONE CENTENNIAL SQUARE
HADDONFIELD, NJ 08033
     On behalf of Defendants

**HILLMAN, District Judge**

   On November 1, 2017, Defendant George Richard Greenlee,

Jr.,[1] removed the complaint of Plaintiff, Infinity Staffing Solutions, LLC d/b/a Lyneer Staffing Solutions, to this Court.[2] Plaintiff has filed a motion to remand the action because the removal was untimely.[3]

In his motion, Plaintiff claims that Defendant Paramount Conversions, LLC was properly served on September 25, 2017 and Greenlee was properly served on September 26, 2017. Plaintiff further argues that the removal effected on November 1, 2017 was therefore out of time because under 28 U.S.C. § 1446(b)(1), the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading[.]" Since Paramount's 30-day period expired on October 25, 2017 and

---

[1] The correct identity of Defendant "Richard A. Greenlee" is George Richard Greenlee, Jr.

[2] The notice of removal states that this Court has jurisdiction over this matter based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332(a). Plaintiff is a citizen of New York and New Jersey because its members are citizens of New York and New Jersey. Defendant Paramount Conversions, LLC is a citizen of Mississippi because it is comprised of two individual members who are citizens of Mississippi, including Greenlee, who is the "manager" of Paramount. (Docket No. 3.)

[3] Greenlee has also filed a motion to dismiss for lack of personal jurisdiction. (Docket No. 6.) The Court must first establish that the matter is properly before it prior to determining whether the Court may exercise personal jurisdiction over Greenlee.

Greenlee's 30-day period expired on October 26, 2017,[4] the argument goes, the removal is untimely.

Greenlee has opposed Plaintiff's motion, arguing that Plaintiff has never properly served him and his purported awareness of Plaintiff's suit by way of service on Paramount alone does not trigger the 30-day period found in § 1446(b)(1). Accordingly, Greenlee argues the removal is not untimely, citing <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 347 (1999) ("[W]e hold that a named defendant's <u>time to remove is triggered</u> by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.")(emphasis added).

This procedural state of affairs begs a question not addressed in Greenlee's removal petition and brief opposing the motion to remand. While it seems incontrovertible that the 30

---

[4] Defendants represent that Greenlee filed the notice of removal, and Paramount consented to removal, in compliance with 28 U.S.C. § 1446(b)(2)(C) ("If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."). (See Docket No. 1 at 3; 10 at 5 n.3.) The notice of removal contains the summons and complaint, dated September 22, 2017, served on Paramount. It does not provide any information relative to when Greenlee received notice of the complaint other than stating that he had not yet been served.

day period begins to run from formal service and not mere notice of the complaint or receipt of a copy, it does not necessarily follow from that holding that a defendant who has not been served nonetheless has a right to remove. Stated differently, Murphy Bros. tells us when the clock ends (i.e. 30 days after formal service) but it does not tell us when the clock begins to tick. The removal petition here may or may not be untimely[5] but it may also not be ripe.

There are several reasons for this potential outcome. First, there is the plain language of the statute itself which can be read to provide for a mandatory condition precedent – that is that the time to file a removal petition does not accrue until the event the statute describes, i.e. service: "[N]otice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading[.]" We think it obvious that if Congress intended for a defendant who has not been served to be able to wrest a case away from a state court it could have easily done so with simple and straightforward language nowhere to be found in 28 U.S.C. § 1446.[6]

---

[5] Defendants do not appear to argue that the November 1, 2017 removal would have been timely if Paramount removed the action.

[6] As noted in footnote 4 above, 28 U.S.C. § 1446(b)(2)(C) speaks in terms of a "later-served defendant" and 'earlier-served defendant" in describing consent to removal and the timing of

4

Second, there would appear to be principled reasons why only a served defendant may remove since a removal petition invokes the Court's jurisdiction. Ordinarily, the Court may only exercise its jurisdiction over parties properly before it. Murphy Bros., 526 U.S. at 350 ("[A]bsen[t] [] service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant[]."). We do not mean to suggest that a removing defendant waives, for example, a defense of lack of personal jurisdiction but waiving a defense of improper service (although an admittedly similar defense) seems less draconian as applied to a defendant who seeks to deny a plaintiff his chosen forum through a volitional Notice of Removal.[7]

Third, attaching the 30-day time period to the act of service allows for the federal court to easily calculate the accrued time, assess compliance with the statute, furthers the

---

removal: "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C)(emphasis added).

[7] For example, in bankruptcy court, a person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process, Taylor v. Sturgell, 553 U.S. 880, 884 (2008), but this contrasts with a creditor who voluntarily invokes the court's jurisdiction by filing a proof of claim. Katchen v. Landy, 382 U.S. 323, 334-35 (1966)("[b]y presenting their claims respondents subjected themselves to all the consequences that attach to an appearance").

statutory goals in complicated cases, and minimizes uncertainty in the state court proceedings.[8]

Lastly, interpreting the statute to require service before removal discourages gamesmanship by setting clear parameters of accrual and wavier.  The Court notes that this is a two defendant case.  One defendant is Paramount, an LLC.  Paramount has two members.  One member, the Removal Notice acknowledges, is Greenlee, who the Notice also acknowledges is Paramount's "manager."  (Docket No. 1 at 3.)  Paramount has also consented to removal, has not contested service, and it appears that the time for Paramount to remove expired before the Notice of Removal was filed.

It seems likely to this Court, therefore, that Greenlee had notice of this matter more than 30 days before he filed his Notice of Removal.  This Court will of course follow Murphy

---

[8] The underlying purpose of the 30-day time period for removal provided by § 1446(b)(1) is to afford a defendant an adequate amount of time to determine whether he will remove the action to federal court, while also balancing the statutory limits to federal court jurisdiction.  See Delalla v. Hanover Ins., 660 F.3d 180, 186 (3d Cir. 2011) (citing Bowles v. Russell, 551 U.S. 205, 212–13 (2007)) (noting that federal courts are of limited jurisdiction where Congress decides what cases the federal courts have jurisdiction to consider, and adopting the later-served rule, now codified, where each defendant individually has thirty days to file a notice of removal beginning when that particular defendant is served because such a rule ensures that each defendant has an equal amount of time in which to decide whether or not to file a notice of removal).

Bros. but it appears to be Greenlee's view that he has an inchoate right of removal exercisable at any time up to 30 days after service is finally effected. This seems inconsistent with a statutory scheme apparently designed to resolve these issues expeditiously and with certainty – one which gives each defendant 30 days, and no more than 30 days, to choose a forum.[9]

To be clear, this Court express no view on the proper interpretation of § 1446 under these facts. We raise these issues not to decide them on the present record but because the present record is inadequate to resolve them. Greenlee's Notice of Removal and opposing brief simply says, in essence, he is not too late to the party because the party hasn't started yet.[10] We

---

[9] This is not a "forum defendant" case. However, application of that statute may be instructive here. See 28 U.S.C. § 1441(b)(2) (providing that a civil action otherwise removable solely on diversity jurisdiction under § 1332(a) "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"); Williams v. Daiichi Sankyo, Inc., 13 F. Supp. 3d 426, 431 (D.N.J. 2014) (quoting Sullivan v. Novartis Pharmaceuticals Corp., 575 F. Supp. 2d 640, 645 (D.N.J. 2008)) (finding that there was no evidence that "Congress, in adding the 'properly joined and served' language, intended to create an arbitrary means for a forum defendant to avoid the forum defendant rule simply by filing a notice of removal before the plaintiff is able to effect process"); id. ("[P]ermitting these non-forum Defendants to remove before the Plaintiffs are actually capable of serving the forum Defendants violates the intention of the forum defendant rule by permitting gamesmanship.").

[10] The Notice of Removal states in conclusory fashion: "Defendant GR Greenlee has not yet been served with the Summons and Complaint and thus, removal is timely." (Docket No. 1 at 3.)

7

think more explication is required.

As the removing party, Greenlee bears the burden of showing that the federal court has jurisdiction to hear the case, and this Court must strictly construe the removal statutes and resolve all doubts about removal in favor of remand. Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). We believe, therefore, that if Greenlee contests service he must establish the legal basis by proper citation to case law or statute that permits an unserved defendant to remove a case when he was not yet within the state court's jurisdiction. See Ware v. Wyndham Worldwide Inc., 2010 WL 2545168, at *2 (D.N.J. 2010) (citing In re Notice of Removal by William Einhorn, 481 F. Supp. 2d 345, 347–48 (D.N.J. 2007)) (providing that until formally served and brought under a court's authority, that person is not a defendant, but is simply a non-party that lacks standing to remove, and that the pivotal question is whether, and at what point, the defendant became the defendant and thereby obtained standing to remove); id. ("[W]here an intended defendant receives formal service and has unmistakable knowledge that it is the intended defendant, the thirty-day limit should begin upon the date of service that delivers such knowledge.").

The Court has determined that the proper way to join this issue is by requiring the filing of an amended Notice of Removal that addresses the concerns expressed in this Opinion. The

Defendant will have fifteen days to file such a notice or the matter will be remanded to state court.  <u>See</u> 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  Plaintiff's motion to remand will be denied without prejudice.

    An appropriate Order will be entered.


Dated:  May 10, 2018                s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.