# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| INFINITY STAFFING SOLUTIONS, LLC, doing business as LYNEER STAFFING SOLUTIONS, | 1:17-cv-10650-NLH-JS |
| | **OPINION** |
| Plaintiff, | |
| v. | |
| PARAMOUNT CONVERSIONS, LLC and RICHARD A. GREENLEE, | |
| Defendants. | |

**APPEARANCES**:

ROBERT L. SALDUTTI
REBECCA K. MCDOWELL
SALDUTTI LLC
800 N. KINGS HIGHWAY
SUITE 300
CHERRY HILL, NJ 08034
    On behalf of Plaintiff

TERENCE J. SWEENEY
44 FAIRMOUNT AVENUE
1ST FLOOR
CHATHAM, NJ 07928
    On behalf of Defendants

**HILLMAN**, District Judge

On November 1, 2017, Defendant George Richard Greenlee,

Jr.,[1] removed the complaint of Plaintiff, Infinity Staffing

Solutions, LLC d/b/a Lyneer Staffing Solutions, to this Court.

---

[1] The correct identity of Defendant "Richard A. Greenlee" is George Richard Greenlee, Jr.

On November 20, 2017, Plaintiff filed a motion to remand the

action, arguing that the removal was untimely.[2]

In its motion, Plaintiff contended that Defendant Paramount

Conversions, LLC was properly served on September 25, 2017 and

Greenlee was properly served on September 26, 2017.  Plaintiff

further argued that the removal effected on November 1, 2017 was

therefore out of time because under 28 U.S.C. § 1446(b)(1), the

"notice of removal of a civil action or proceeding shall be

filed within 30 days after the receipt by the defendant, through

service or otherwise, of a copy of the initial pleading[.]"

Since Paramount's 30-day period expired on October 25, 2017 and

Greenlee's 30-day period expired on October 26, 2017,[3] Plaintiff

argued that the removal was untimely.[4]

---

[2] On November 22, 2017, Greenlee filed a motion to dismiss for
lack of personal jurisdiction.  (Docket No. 6.)  Because the
Court will remand the case, the Court will not address that
motion.

[3] Defendants represent that Greenlee filed the notice of removal,
and Paramount consented to removal, in compliance with 28 U.S.C.
§ 1446(b)(2)(C) ("If defendants are served at different times,
and a later-served defendant files a notice of removal, any
earlier-served defendant may consent to the removal even though
that earlier-served defendant did not previously initiate or
consent to removal.").  (See Docket No. 1 at 3; 10 at 5 n.3.)
The notice of removal contains the summons and complaint, dated
September 22, 2017, served on Paramount.  Defendants do not
argue that the November 1, 2017 removal would have been timely
if Paramount removed the action.

[4] This Court may only review the timeliness of removal if a
plaintiff raises the issue in a motion to remand.  Estate of
Campbell by Campbell v. South Jersey Medical Center, --- F.

Greenlee opposed Plaintiff's motion, arguing that because

Plaintiff never properly served him, and his purported awareness

of Plaintiff's suit by way of service on Paramount alone does

not trigger the 30-day period found in § 1446(b)(1), the removal

was not untimely.

On May 10, 2018, this Court issued an Opinion and Order to

Show Cause, denying Plaintiff's motion to remand without

prejudice and directing Greenlee to file an amended notice of

removal which established the legal basis that permits an

unserved defendant to remove a case when he was not yet within

the state court's jurisdiction. (Docket No. 19, 20.) The Court

queried how, without a date of service on Greenlee, a waiver of

service from Greenlee, or some other information about when

Greenlee became aware of the action, the 30-day time period for

removal could be calculated to determine whether the removal was

timely.

On May 23, 2018, Greenlee filed a response to the Court's

Order. (Docket No. 21.) Greenlee maintains that a defendant

who has never been properly served may remove an action from

state court to federal court, and he cites two cases:

Poznanovich v. AstraZeneca Pharmaceuticals LP, 2011 WL 6180026,

---

App'x ---, 2018 WL 2026965, at *2 (3d Cir. May 1, 2018) (citing
In re FMC Corp. Packaging Sys. Div., 208 F.3d 445, 450 (3d Cir.
2000)) (explaining that a district court cannot remand an action
*sua sponte* for untimeliness).

at *1 (D.N.J. 2011) (noting that courts within this district and elsewhere are sharply split on the issue of pre-service removal, but ultimately concluding that an unserved defendant could remove a case); In Re Plavix Product Liability and Marketing Litigation, 2014 WL 4954654, at *4 (D.N.J. 2014) (noting the debate in this circuit and in courts across the country regarding the issue of removal prior to service upon a forum defendant, and holding that a non-forum defendant may remove a state court action to federal court notwithstanding the fact that the plaintiff has already joined - but not yet served - a forum defendant).

On June 18, 2018, Plaintiff filed a second motion to remand, arguing that Greenlee's position is unsupportable and does not meet his burden of establishing the propriety of the removal.  (Docket No. 23.)

The Court agrees with Plaintiff.  The two cases cited by Greenlee do not persuade the Court to interpret 28 U.S.C. § 1446(b)(1) to permit an unserved non-forum defendant, who is not joined with a forum defendant plaintiff did not serve, to remove a state court complaint to federal court.  Unlike the situation here, those cases do not involve the issue of the timing of removal,[5] or concern a defendant who seeks to use the lack of

_____

[5] In Ponznanovich, the state court action was filed on June 24, 2011, and it was removed on July 12, 2011.  (See 3:11-cv-04001-

4

service both as a sword (to deny a plaintiff his chosen forum) and as a shield (from liability because a court cannot exercise jurisdiction over an unserved defendant).

As the Court previously noted, the U.S. Supreme Court explained in <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 347 (1999) that:

> An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process. Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.

<u>Murphy Bros.</u> also set-forth additional fundamental principles, including that (1) "service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant," (2) "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant," and (3) "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or

---

JAP-TJB, Docket No. 1.)  <u>In Re Plavix</u> is a complex multidistrict litigation case which involved motions to remand cases to California state court after they had been removed to the Northern District of California and then transferred to this district by the MDL Panel.

entity to participate in a civil action or forgo procedural or

substantive rights."  Murphy Bros., 526 U.S. at 350.

Based on Murphy Bros. and the plain language of the removal

statute, the Court reiterates its observations in the prior

Opinion that the requirement of service before removal

discourages gamesmanship by setting clear parameters of accrual

and wavier.  Plaintiff's renewed motion drives home the point:

> It seems unjust that a defendant may, on the one hand, deny
> that the court has jurisdiction over him because he has not
> been formally served, and on the other hand pull the rug
> out from under a plaintiff who chose a forum for the suit.
> Greenlee is obviously aware of the lawsuit, because he is
> the principal of Paramount and accepted service on
> Paramount's behalf.  How long should such a defendant be
> permitted to remove a lawsuit?
>
> In this case, Greenlee knew about the lawsuit for over a
> month before filing the Notice of Removal, as he admits
> that Paramount was served.  What if he had waited six
> months?  What if he had waited a year?  Two years?  If
> Murphy Bros. is read in the manner Greenlee urges, unserved
> defendants could swoop in at any time and remove the case
> to federal court, particularly when the unserved defendant
> is an insider of the served defendant.  It is contrary to
> the interests of justice and expeditious process to permit
> such a result.  Had Congress intended to allow unserved
> defendants to remove cases to federal court, it would have
> expressly stated so in 28 U.S.C. § 1446.

(Docket No. 23-1 at 5.)

Greenlee bears the burden of showing that the federal court

has jurisdiction to hear the case, and this Court must strictly

construe the removal statutes and resolve all doubts about

removal in favor of remand.  Boyer v. Snap-on Tools Corp., 913

F.2d 108, 111 (3d Cir. 1990).  Greenlee has not established that

his removal of Plaintiff's case to this Court was proper under

28 U.S.C. § 1446(b)(1).  Consequently, the Court will remand the

matter to state court.[6]

   An appropriate Order will be entered.


Dated:  <u>  June 26, 2017  </u>          <u>  s/ Noel L. Hillman  </u>
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

---

[6] This result does not work an injustice on Defendant.  The Court
assumes the parties will litigate the issue of service in state
court.  If Plaintiff is correct that he served Greenlee on
September 26, 2017, then the removal was untimely.  If Greenlee
is correct that he has not been served, then he is not subject
to jurisdiction in either federal or state court.  If Greenlee
is later properly served or waives service then the Court
assumes, but does not decide, that he will have whatever removal
rights the statute allows at that point in time.